IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROGER A. FISHER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:02CV3212 |
| | ) | |
| v. | ) | |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | MEMORANDUM AND ORDER ON |
| Jo Anne B. Barnhart, Commissioner, | ) | "MOTION FOR DETERMINATION AND |
| | ) | ALLOWANCE OF § 406(b) ATTORNEY |
| Defendant. | ) | FEE" |
| | ) | |

Now before me is the plaintiff's counsel's motion for an attorney fee award pursuant to 42 U.S.C. § 406(b). (Filing 33.) Counsel seeks a fee in the amount of $7475.00, based on 50 hours of work at a rate of $149.50 per hour, "to be paid out of the past-due Social Security benefits" owed to the plaintiff. (See filing 33, Attach. 2, at 1-2.) In response to this motion, the defendant states that he has no objection to a fee award in the amount of $7475.00. (See filing 37.) The defendant notes, however, that because the plaintiff's counsel has applied for and received a fee award under the Equal Access to Justice Act, counsel must be ordered to "refund the smaller fee" to the plaintiff if the instant motion is granted. (See id.) For the following reasons, I find that counsel's motion for an attorney fee award will be granted, and counsel will be ordered to pay $1821.71 to the plaintiff.

I. BACKGROUND

On February 4, 2004, I reversed the Commissioner of Social Security's decision to deny the plaintiff's application for disability insurance benefits, and I remanded the case to the Commissioner for further proceedings. (See generally filing 25.) Thereafter, the plaintiff's counsel filed an application for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, which authorizes an award of "fees and other expenses" to a "prevailing party" in a case against the United States, "unless the court finds that the position of

the United States was substantially justified or that special circumstances make an award unjust." (See filing 26); see also 28 U.S.C. § 2412(d)(1)(A).  In this application, counsel requested a fee in the amount of $8970.00, based upon 60 hours of legal work at a rate of $149.50 per hour.  (See id., Attach. 2, ¶ 6.)  In response, the defendant did not argue that its position was "substantially justified," but he disagreed with the amount of the fee requested by counsel.  (See filing 27 at 1.) More specifically, the defendant argued that "30 billable hours is more appropriate in this case," (id. at 3), and that the billing records submitted by the plaintiff's counsel were inadequate to support fully the fee request, (see id. at 2-3).  On June 3, 2004, I issued an order granting the fee application in part, reducing the fee award from $8970.00 to $1821.71.  (See filing 29.)  Mainly, the reduction was based upon counsel's failure to support the fee request with adequate documentation.

On June 11, 2004, the plaintiff's counsel filed a motion for relief from the order of June 3, 2004.  (See filing 30.)  Relying on Federal Rule of Civil Procedure 60(b)(1) and (6), counsel argued that her failure to support the fee application with adequate documentation was a "mistake" within the meaning of Rule 60, and that she ought to be granted relief from this mistake.  (See generally id.)  In addition, counsel submitted a more detailed record of the work performed in connection with the plaintiff's case.  (See filing 30, Attach. 2.)  I denied the motion, noting that counsel did not demonstrate that there were "exceptional circumstances" that might "justify relief under any subpart of Rule 60(b)."  (See filing 31 at 3 (citations omitted).)

On August 20, 2008, the plaintiff's counsel filed the instant motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b).  (See filing 33.)  In support of this motion, counsel argues that a favorable decision was reached in the plaintiff's case following a hearing before an administrative law judge on April 9, 2008; that no award of benefits would have been obtained without counsel's work; that "counsel should be awarded a fee for 50 hours of work, at a rate of $149.50 per hour," for a total of $7475.00; and that the requested fee "represents less than 25 percent of the plaintiff's total back pay awarded by the Social Security Administration." (Filing 33 at 1; filing 33, Attach. 1, at 1-2.)  The fee request is based on the same work that was the subject of the plaintiff's previous application for fees under the EAJA.  (Compare filing 26, Attach. 3 and filing 30, Attach. 2 with filing 33, Attach. 3.)  Although the defendant argued

previously that a request for only 30 billable hours would be "appropriate in this case," the defendant now states that he has no objection to counsel's request for a fee based on 50 hours of work. (Compare filing 27 at 3 with filing 37 at 1.)[1] The defendant does assert, however, that if fees are awarded pursuant to § 406(b), the plaintiff's attorney should pay to the plaintiff an amount equal to the smaller of the two fee awards. (See filing 37 at 1.)

## II. ANALYSIS

When "a judgment favorable to a claimant" is rendered in a Social Security case, a court may "allow as part of its judgment a reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). To test the reasonableness of the fee request, the court "may require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." Id. at 808. The amount requested may be reduced "based on the character of the representation and the results the representative achieved." Id.

Counsel has supported the instant fee request with a document that logs the hours she expended representing the plaintiff in this court, (see filing 33, Attach. 3), a copy of the fee agreement between counsel and the plaintiff, (see filing 33, Attach. 4), and a copy of a letter from the Social Security Administration to the plaintiff stating, "We usually withhold 25 percent of past due benefits in order to pay the approved lawyer's fee," and "We withheld $16,272.75 from your past due benefits in case we need to pay your lawyer," (filing 33, Attach. 5, at 2.) As noted above, counsel requests a fee in the amount of $7475.00, based on 50 hours of work at a rate of $149.50 per hour. I find that the fee request is reasonable for the services rendered and less than

---

[1] It merits mention that "[f]ees and other expenses awarded under [the EAJA] to a party shall be paid by any agency over which the party prevails from any funds made available to the agency by appropriation or otherwise." 28 U.S.C. § 2412(d)(4). In contrast, and as noted above, fees awarded pursuant to 42 U.S.C. § 406(b) are paid out of the past-due benefits owed to the Social Security claimant.

25 percent of the total of the past-due benefits that have been awarded to the plaintiff.  Therefore, counsel's motion for an attorney fee in the amount of $7475.00 will be granted.

With respect to the interaction between fee awards under the EAJA and § 406(b), the Supreme Court has stated,

> In many cases, as in the instant case, the Equal Access to Justice Act . . . effectively increases the portion of past-due benefits that the successful Social Security claimant may pocket. . . .
>
> Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

Gisbrecht, 535 U.S. at 796 (footnote and citations omitted).  In this case, the plaintiff will not receive 100% of the past-due benefits because of the reductions made to the EAJA award.  It is clear, however, that plaintiff's counsel must refund to the plaintiff $1821.71, which is the amount of the "smaller fee" awarded to the plaintiff's attorney.

**IT IS ORDERED** that the "Motion for Determination and Allowance of § 406(b) Attorney Fee," filing 33, is granted, and a judgment shall be entered allowing a fee of $7475.00 for the plaintiff's representation.

**IT IS FURTHER ORDERED** that plaintiff's counsel pay to the plaintiff $1821.71, which is the amount of the fee previously awarded to counsel under the EAJA.

Dated September 2, 2008.

                    BY THE COURT

                    s/ Warren K. Urbom
                    United States Senior District Judge